Michael R. Mushkin, Esq.
Nevada State Bar #2421
Michael R. Mushkin & Associates
4475 South Pecos Road
Las Vegas, Nevada 89121
Telephone: (702) 386-3999
Fax: (702) 454-3333
Michael@mushlaw.com
*Attorneys for Newcom Telephone Company, Inc.*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>BUYERS ONLY REAL ESTATE AGENCY, LLC<br><br><div align="center">Debtor.</div> | Case No. BK-S-12-23519-bam<br>Chapter 11<br><br>Date of Hearing:<br>Time of Hearing: |

### NEWCOM TELEPHONE COMPANY, INC.'S
### OBJECTION TO DEBTOR'S DISCLOSURE STATEMENT

Newcom Telephone Company, Inc. (hereinafter "Newcom") hereby files its Objection to Debtor Buyers Only Real Estate Agency, LLC's Disclosure Statement for Debtor's Plan of Reorganization Dated September 26, 2013.

### POINTS AND AUTHORITIES

#### I.    PRELIMINARY STATEMENT

Debtor's Disclosure Statement for Debtor's Plan of Reorganization is inadequate in several regards.[1]  These inadequacies include:

- Debtor's dispute of the arbitration award issued in favor of Newcom.  Debtor disputes this claim despite the fact that Debtor has not appealed the arbitration

---

[1] The Debtor states in the Disclosure Statement that the Disclosure Statement should be read in conjunction with the proposed Plan of Reorganization.  According, this Objection is based in part of provisions in the proposed Plan of Reorganization.  Newcom, however, reserves all rights to make specific objections to the confirmation of the Plan of Reorganization at a later time if and when a disclosure statement is approved by this Court.

award.  The total amount to be awarded should further include interest and attorney's fees awarded to Newcom; however, the amount of $434,917.69 is not in controversy.  This Court should therefore respect the arbitration award amount of $434,917.69 in favor of Newcom.

- The Class of Secured Claims and Priority has not been adequately established, fail to provide detailed information, and fail to notify the creditors of any recovery amount arising out of the arbitration award issued in favor of Newcom.

- Newcom is a secured creditor and is not listed as a secured creditor.

- The failure to notify creditors that the Debtor's owners have a personal interest.

- The failure to create a liquidating trust with a neutral trustee to review and possible pursue any claims against insiders and other third parties.

- The failure to provide sufficient information regarding Arbitration Award entered in favor of Newcom.

For the foregoing reasons, Debtor's Disclosure Statement lacks "adequate information" within the meaning of 11 U.S.C. § 1125(a).  Consequently, the Court should not approve the Disclosure Statement.

## II.    BACKGROUND

On or about September 16, 2013, an Arbitration Award was entered in JAMS Case No. 1260001934, captioned *Buyers Only Real Estate Agency, LLC; Cliff Evarts, Susan Evarts, Las Vegas Wedding Bureau vs. Newcom Telephone Company, Inc.*  Pursuant to the Arbitration Award, the Arbitrator found in "favor of Newcom Telehone Company and awarded Newcom Telephone Company $434,917.69 under its counterclaim" and found "that the Buyers Only Real Estate claims have been dismissed."  The Arbitration Award further provided that "The parties shall have ten days from the service of this Arbitration Award by the Arbitrator to submit Motions for fees and costs.  If Motions for fees and costs are not submitted by that date, then this award shall become final."  The Arbitration Award was the served by facsimile and

email on September 16, 2013.  Ten days has passed since service of the Arbitration Award.

Debtor has also not appealed the Arbitration Award.

## III.    OBJECTION TO THE DISCLOSURE STATEMENT

11 U.S.C. § 1125(b) provides, in pertinent part: "An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information." 11 U.S.C. § 1125(a)(1) defines "adequate information" as follows:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

Pursuant to 11 U.S.C. § 1125(a)(1), a disclosure statement may not be approved unless and until it contains information sufficient in detail to permit Debtor's creditors to "make an intelligent and informed decision as to whether to accept or reject the plan."  In re Copy Crafters Quickprint, Inc., 92 B.R. 973, 980 (Bank. N.D.N.Y. 1988); In re Ferretti, 128 B.R. 16, 19 (Bankr. D. N.H. 1991) ("[A] proper disclosure statement must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution.").  A disclosure statement should also provide creditors with meaningful information regarding "the consequences of the proposed

plan on their claims and the possible Code alternatives so that they can intelligently accept or reject the Plan." In re Copy Crafters Quickprint, Inc., 92 B.R. at 981; see also Duff v. United States Trustee (In re California Fidelity, Inc.), 198 B.R. 567, 571 (9th Cir. BAP 1996) (stating that the purpose of the disclosure statement is to give all creditors a source of information which allows them to make an informed choice regarding the approval or rejection of a plan.). Although the type and amount of information required to be contained in a disclosure statement varies from case to case, Section 1125 of the Bankruptcy Code requires more disclosures than less. See: Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 366 (3d Cir. 1996) ("Because creditors and the bankruptcy court rely heavily on the debtor's disclosure statement in determining whether to approve a proposed reorganization plan, the importance of full and hones disclosure cannot be overstated.); Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 417 (3rd Cir. 1988) (stating that the fact that creditors and courts heavily rely on disclosure statements increases a debtor's obligation to provide necessary, adequate information upon which such parties can make informed decisions regarding proposed plan.).  It is not only the quantity, but also the quality, of the disclosed information that matters.  Frequently, courts have found that a disclosure statement that does not provide sufficient factual support for its position cannot be approved.  See: In re Egan, 33 B.R. 672, 675-76 (Bankr. N.D. Ill. 1983) (nothing that a disclosure statement is "intended to be a source of factual information upon which one can make an informed judgment about a reorganization plan.").

In this case, Debtor's Disclosure Statement fails to provide adequate information concerning matters that are important to the Debtor's creditors in their evaluation of whether to vote for or against the proposed Plan of Reorganization.  First, the Disclosure Statement fails to

4

disclose sufficient information regarding Arbitration Award entered in favor of Newcom and that the Debtor has not timely appealed the Arbitration Award. Therefore, there should be no dispute by Debtor that the Arbitrator found in "favor of Newcom Telehone Company and awarded Newcom Telephone Company $434,917.69 under its counterclaim" and found "that the Buyers Only Real Estate claims have been dismissed." There is nothing whatsoever in the Disclosure Statement justifying the dispute or notifying the creditors that they will not receive any benefit whatsoever. Debtor has also not disclosed Newcom as a secured creditor or that Newcom is entitled to the total amount awarded pursuant to the Arbitration Award. The Disclosure Statement further lacks adequate information because it fails to disclose that the Debtor's owners have a personal interest in the Arbitration Award. The Disclosure Statement further fails to disclose that the Las Vegas Wedding Bureau, LLC is also a named party to the arbitration though Debtor does reveal there is a risk that the Las Vegas Wedding Bureau, LLC may default under its lease with the Debtor and that members of the Debtor will fail to fund the New Value Contribution. This information is material and should be disclosed so that the creditors have the ability to make an intelligent decision as to whether to vote for or against the plan. Second, the Disclosure Statement has failed to address the issue of priority. The Court by prior ruling has withheld action on the issue of priority.

In light of the fact that the Debtor has failed to timely appeal the Arbitration Award and properly purse an appeal, the creditors should be made aware that such an untimely appeal would be useless and that such an adversary proceeding in light of the Arbitration Award is also useless. The creditors should also be made aware of an option that a Chapter 7 liquidation is also likely if the Debtor continues to waste resources if the Debtor continues to dispute the Arbitration Award and if the Las Vegas Wedding Bureau, LLC defaults.

As a holder of a large claim in the estate, it is important to Newcom, as it should be to all creditors, that the Debtor pursue recoveries for all of its assets, including claims against insiders or other third parties. However, there is no provision in the Disclosure Statement or the proposed Plan of Reorganization that contemplates or addresses claims against insiders. Due to the inherent self-interestedness of the insiders to not pursue claims against themselves, it would be in the best interest of the creditors and the estate for this Court to appoint a liquidating trustee to pursue all causes of action that the Debtor may have against any insiders. An individual that does not have a personal financial stake in a claim, such as a neutral liquidating trustee, should be the one deciding whether to use the estate's funds and limited resources to pursue the Debtor's alleged causes of action.

Newcom objects to the Disclosure Statement and the proposed Plan of Reorganization to the extent Debtor intends to use any of Newcom's cash collateral and/or assets to finance its plan. Newcom has a security interest in any cash that the Debtor has as shown by the Arbitration Award. The Debtor has not received permission from Newcom or this Court to use the cash collateral.

## IV.    CONCLUSION

As explained herein, the Debtor's Disclosure Statement lacks adequate information regarding a number of issues that are critical to a creditor's ability to make an intelligent and informed evaluation of the proposed Plan of Reorganization. The Disclosure Statement must therefore not be approved.

## IV.    PRAYER

WHEREFORE, Newcom Telephone Company, Inc. respectfully requests that this Court (a) deny approval of Debtor Buyers Only Real Estate Agency, LLC's Disclosure Statement for

Debtor's Plan of Reorganization Dated September 26, 2013 and/or any amendments thereto until such time as the issues above have been resolved and (b) grant Newcom Telephone Company, Inc. such other relief that it deems just and proper under the circumstances.

    Dated: December 13, 2013.

                                        Michael R. Mushkin & Associates


                                        By: _____
                                            MICHAEL R. MUSHKIN, ESQ.
                                            Nevada State Bar #2421
                                            4475 South Pecos Road
                                            Las Vegas, Nevada 89121
                                            Telephone: (702) 386-3999
                                            Fax: (702) 454-3333
                                            Michael@mushlaw.com
                                            *Attorneys for*
                                            *Newcom Telephone Company, Inc.*

**CERTIFICATION OF SERVICE**

I hereby certify that on the 13th day of December, 2013, I electronically filed the forgoing with the Clerk of Court using the court's transmission facilities (CM/ECF) system to make service, which will cause the forgoing document to be served by electronic means to those registered as an electronic case filing user with the Clerk of Court as shown in the Court's Notice of Electronic Filing at the time of electronic filing.

The following are those who are currently on the list and/or were on the list to receive e-mail notices for this case as of December 13, 2013.

**Mailing Information for Case 12-23519-mkn**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- TIMOTHY S. CORY tcory@djplaw.com, csimmons@djplaw.com;salexander@djplaw.com
- MICHAEL R MUSHKIN michael@mushlaw.com, darrell@mushlaw.com;shirley@mushlaw.com;steven@mushlaw.com;karen@mushlaw.com;marco@mushlaw.com;receptionist@mushlaw.com
- MARNI RUBIN-WATKINS marni.watkins@fnf.com, mia.hurtado@fnf.com
- U.S. TRUSTEE - LV - 11 USTPRegion17.lv.ecf@usdoj.gov

**Manual Notice List**

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

READE & ASSOCIATES
1333 N. BUFFALO DR., #210
LAS VEGAS, NV 89128

////

////

8

See also the Label Matrix for local noticing attached hereto as Exhibit A.

An employee of
Michael R. Mushkin & Associates

9

```
Label Matrix for local noticing          BUYERS ONLY REAL ESTATE AGENCY, LLC      NEVADA STATE BANK
0978-2                                    555 SOUTH 3RD STREET                     C/O MCDONALD CARANO WILSON LLP
Case 12-23519-mkn                         LAS VEGAS, NV 89101-6501                 2300 W. SAHARA AVE., SUITE 1200
District of Nevada                                                                 LAS VEGAS, NV 89102-4395
Las Vegas
Fri Dec 13 16:26:33 PST 2013

NEWCOM TELEPHONE COMPANY, INC.            READE & ASSOCIATES                       U.S. TRUSTEE - LV - 11 11
3433 RINGSTAR RD, STE 1                   1333 N. BUFFALO DR., #210                300 LAS VEGAS BOULEVARD S.
N. LAS VEGAS, Nv 89030-4475               LAS VEGAS, NV 89128-3636                 SUITE 4300
                                                                                   LAS VEGAS, NV 89101-5803


United States Bankruptcy Court            Clark County Assessor                    Clark County Treasurer
300 Las Vegas Blvd., South                c/o Bankruptcy Clerk                     PO Box 551220
Las Vegas, NV 89101-5833                  500 S. Grand Central Pkwy                Las Vegas, NV 89155-1220
                                          Box 551401
                                          Las Vegas, NV 89155-4502


Clark County Treasurer                    Clifford P and Susanne R Evarts          Commercial Consultants
c/o Bankruptcy Clerk                      2360 Villandry Court                     10150 E. Cochise Drive, Suite 100
500 S. Grand Central Pkwy                 Henderson, NV 89074-5331                 Scottsdale, AZ 85258-4800
Box 551220
Las Vegas, NV 89155-4502


Dept. of Employment, Training & Rehab     Internal Revenue Service                 JAMS
Employment Security Division              P.O. Box 7346                            PO Box 512850
500 East Third Street                     Philadelphia, PA 19101-7346              Los Angeles, CA 90051-0850
Carson City, NV 89713-0002


Las Vegas Wedding Bureau, LLC             NEVADA STATE BANK                        Nevada Department of Taxation
555 South 3rd Street                      Attn: Brian Solomon                      Bankruptcy Section
Las Vegas, NV 89101-6501                  400 N. Green Valley Parkway. 2nd Floor   555 E. Washington Ave. #1300
                                          Henderson, Nevada 89074-7706             Las Vegas, NV 89101-1046


Nevada State Bank                         Nevada State Development                 Newcom Telephone Co Inc.
PO Box 990, Mail Code 3800                Acct No xxxxxx4008                       3433 Ringstar Road
Las Vegas, NV 89125-0990                  Corporation                             North Las Vegas, NV 89030-4474
                                          6572 S. McCarran Blvd.
                                          Reno, NV 89509-6112


Reade & Associates                        United States Trustee                   TIMOTHY S. CORY
1333 North Buffalo Dr                     300 Las Vegas Blvd. South #4300          DURHAM JONES & PINEGAR
Las Vegas, NV 89128-3636                  Las Vegas, NV 89101-5803                 10785 W. TWAIN AVE., STE 200
                                                                                   LAS VEGAS, NV 89135-3028




          The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)DURHAM JONES & PINEGAR                  (d)NEVADA STATE BANK                    End of Label Matrix
                                           C/O MCDONALD CARANO WILSON LLP          Mailable recipients    23
                                           2300 W. SAHARA AVE., SUITE 1200         Bypassed recipients     2
                                           LAS VEGAS, NV 89102-4395                Total                  25
```

EXHIBIT "A"